IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED NATIONAL INSURANCE COMPANY                              PLAINTIFF

V.                                    4:10CV1410 JMM

JIMMY MAY d/b/a HARRISON
TAEKWONDO CENTER; TANA LEA
MAY d/b/a HARRISON TAEKWONDO
CENTER; CHOONG SIL TAEKWONDO
FEDERATION, INC.; ROBERT HARDIN;
ALISON HARDIN; AND ASHLEY TROCK                                DEFENDANTS

## ORDER

Plaintiff United National Insurance Company ("United") filed this declaratory judgment action asking the Court to determine whether coverage exists under a Commercial General Liability Policy issued by United to Youth Sports Association Purchasing Group. Defendant Harrison Taekwondo was is an insured under the Policy because Harrison Taekwondo is a member of the Youth Sports Association Purchasing Group.

On or about February 28, 2008 Defendant Ashley Trock filed a complaint in the Circuit Court of Pulaski County, Arkansas. In her Complaint, Trock alleged that Defendant Jimmy May sexually abused her while she attended the Harrison Taekwondo Center during the years 2000 to 2003. Trock included causes of action for negligent hiring, negligent supervision, agency, enterprise liability, false imprisonment, breach of contract, strict liability, franchiser liability, as well as others against Harrison Taekwondo, Choong Sil Taekwondo Federation ("The Federation") and Robert and Ashley Hardin as stockholders and/or board members of The Federation. United asks the Court to enter judgment in its favor declaring that no coverage exists under the Policy and that United has no obligation or duty to provide a defense for or indemnify Jimmy May and Tana Lea May in connection with the Trock suit. United has filed a

motion for summary judgment in the instant case.

Defendant Trock has filed two motions to compel United's response to her Interrogatories and Requests for Production. United has responded to the motions.

Rule 26(b) of the Federal Rules of Civil Procedure provides in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R.Civ. P.26(b)(1). After review of the pleadings, the Court finds that the Interrogatories and Requests for Production addressed in the Motions to Compel are not relevant to the issue of whether there is coverage under the Policy for the claims of Defendant Trock or whether United is required to provide a defense for Jimmy or Tana Lee May in connection with the Trock suit.

Therefore, Defendant Trock's Motions to Compel (Docket # 38 and 40) are DENIED.

IT IS SO ORDERED this 25th day of May, 2011.

James M. Moody
United States District Judge